**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON**

| | | |
|---|---|---|
| KIM TOMBLIN, | : | Civil Action No.: 3:08-CV-1294 |
| | : | |
| Plaintiff, | : | Honorable Robert C. Chambers |
| | : | |
| v. | : | |
| | : | |
| WCHS-TV8, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM IN SUPPORT OF
MOTION OF DEFENDANT SINCLAIR MEDIA III, INC.
TO STRIKE THE AFFIDAVITS OF KIM TOMBLIN, BILLY TOMBLIN, SARAH
MILES, CHRISTY GLOVER, ASHLEY BOWEN, CAROLENE BENNETT,
AND REPORT AND CURRICULUM VITAE OF DR. TIMOTHY SAAR**

**I.      INTRODUCTION**

In her attempt to defeat Defendant Sinclair Media III, Inc.'s ("Sinclair") motion for summary judgment, Plaintiff submitted six affidavits and an unsworn report containing wholly extraneous testimony that create no dispute of material fact and fail to address any necessary legal element relevant for Plaintiff to avoid summary judgment dismissal.  Plaintiff's claims are all premised on Sinclair's broadcast of a news report ("Report") on July 17, 2008 and Plaintiff's claims fail because no statement in the Report was false as a matter of law and Sinclair, as a matter of law, acted without fault.  Plaintiff's proffered affidavits and unsworn report speak to neither of these outcome determinative issues.

Furthermore, the affidavits and unsworn report fail under the dictates of Rule 56(e) as described below.

II.   **THE APPLICABLE FEDERAL RULES OF EVIDENCE AND CIVIL PROCEDURE**

The Federal Rules of Evidence and of Civil Procedure require the exclusion of much, if not all, of the affidavits that are replete with hearsay and speculative opinions from lay witnesses, and a purported "expert" report that is not properly submitted and lacks foundation and reliability.

Fed. R. Civ. P. 56(e) states, "A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." *Id.* (Emphasis added). Additionally, "[i]t is well established that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment." *Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993).

Evidence presented under Fed. R. Civ. P. 56(e) must be admissible. Admissible lay witness testimony is limited by Fed. R. Evid. 701 as follows:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Thus, to be admissible, lay witness testimony must be limited to personal perceptions and opinions reasonably gleaned from them that require no specialized knowledge and are helpful to determine a material fact at issue. *Id.* By contrast, the rule on expert opinion permits opinions by qualified individuals *if* their opinions are premised on suitably reliable methods that are applied to a sufficient body of facts as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and

methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.  "Expert" opinion that does not meet these stringent standards should have no place in the determination of genuine issues before the court.  *World Boxing Council v. Cosell*, 715 F. Supp. 1259, 1266 (S.D.N.Y. 1989) ("Even if Dr. Lashner's testimony were admissible, I find it insufficient to create an issue of fact as to actual malice.")   "[A]n expert opinion, submitted in opposition to a summary judgment motion, may be disregarded if it is not supported by facts." *Rohrbough v. Wyeth Laboratories, Inc.*, 719 F. Supp. 470, 475 (N.D.W. Va. 1989) *aff'd* 916 F.2d 970 (4th Cir. W. Va. 1990).

The interplay and distinctions between admissible testimony by lay witnesses and experts cannot be overlooked.  Rule 702 provides staunch protections to ensure that a party cannot influence a case with "expert" testimony that has insufficient basis in fact or insufficient measure of reliability.  *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993); *see also Ruffin v. Shaw Indus.*, 149 F.3d 294, (4th Cir. 1998) (per curiam) (affirming the striking of two expert witnesses' testimony where the proffered testimony was found to be insufficiently reliable to constitute scientific knowledge).  Rule 701 prevents lay witnesses from espousing opinions that must properly come from qualified experts.  *Compania Administradora de Recuperacion de Activos Administradora de Fondos de Inversion Sociedad Anonima v. Titan Int'l, Inc.*, 533 F.3d 555, 561 (7th Cir. Ill. 2008) (Rule 701 was amended in 2000 to *specifically prevent* courts from admitting expert testimony "in lay witness clothing") (quoting Fed. R. Evid. 701, Adv. Comm. Note to 2000 Amendment)*; Hirst v. Inverness Hotel Corp.*, 544 F.3d 221, 227-28 (3d Cir. 2008) ("a party may not use Rule 701 as an end-run around the reliability requirements of Rule 702 and the disclosure requirements of the Rules of Procedure").  Neither expert opinion from a lay witness nor opinion from an "expert" without sufficient factual basis and reliability should be

admitted to defeat a motion for summary judgment.  Fed. R. Civ. P. 56(e); Fed. R. Evid. 701, 702.

Inadmissible affidavits may be stricken in the discretion of the district court.  *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996); *Ruffin*, 149 F.3d at 300. Similarly, "unsworn [] documents cannot be considered on a motion for summary judgment." *Orsi*, 999 F.2d at 92.   The requirement that testimony be based upon personal knowledge requires that affidavits based on hearsay are not admissible.  *Sakaria v. Trans World Airlines*, 8 F.3d 164, 171 (4th Cir. 1993); *Rice v. Cmty. Health Ass'n*, 118 F. Supp. 2d 697, 703 (S.D.W. Va. 2000).  Conclusory and irrelevant statements made in affidavits likewise should not be taken into account on summary judgment. *Evans*, 80 F.3d at 962 (finding the affiant's self-serving opinions without objective corroboration to be irrelevant and properly struck from the record).  Witnesses, even expert witnesses, may not testify as to legal conclusions.  *Green v. CBS Broad., Inc.*, 2000 U.S. Dist. LEXIS 19962 (N.D. Tex. Dec. 19, 2000) (striking "expert" affidavit's legal conclusions and granting motion for summary judgment) (Exhibit 1 attached to the Motion contains a copy of the unreported and out-of-state cases cited herein); *United States v. Barile*, 286 F.3d 749, 761 (4th Cir. 2002) (explaining that the witness's testimony as to whether or not a statement was "materially misleading" constitutes a legal conclusion "because materiality has a specialized legal meaning, and it is therefore within the district court's discretion to exclude such testimony").

And statements made by affiants that clearly contradict their previous testimony should also be stricken by the court.  *Rohrbough*, 719 F. Supp. at 475 ("sham" affidavit should be disregarded if it contradicts earlier deposition testimony and the earlier testimony does not reflect any confusion or lack or evidence).   "The utility of summary judgment as a procedure for

screening out sham fact issues would be greatly undermined if a party could create an issue of fact merely by submitting an affidavit contradiction his own prior testimony." *Aerel, S.R.L. v. PCC Airfoils, L.L.C.*, 448 F.3d 899, 908 (6th Cir. 2006) (quoting *Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986).

In accordance with these well-established evidence principles, this Court should strike all or parts of the Affidavits of Plaintiff Kim Tomblin, Billy Tomblin, Sarah Miles, Christy Glover, Ashley Bowen, and Carolene Bennett.   Additionally, this Court should reject Plaintiff's presentation of an unsworn report and document from a purported "expert," Dr. Timothy Saar.

## III.   THE AFFIDAVITS AND UNSWORN REPORT SHOULD BE EXCLUDED AND CANNOT DEFEAT SINCLAIR'S MOTION FOR SUMMARY JUDGMENT

### A.   Affidavit of Plaintiff Kim Tomblin

Plaintiff's affidavit contains numerous statements that should be stricken from the record. For instance, paragraphs 9-12, 15-16, 20-29, and 37, which all relate to Plaintiff's health or events that occurred after the July 17, 2008 broadcast, are immaterial to outcome determinative issues of law that require summary judgment—that is, whether Sinclair's Report was false and, if so, whether Sinclair acted with fault.  Moreover, paragraphs 4-7 and 31-36 should be stricken because they are not based on Plaintiff's personal knowledge and are inadmissible hearsay. Specifically, in those paragraphs, Plaintiff's testimony is based on what Plaintiff has been "informed."  The Court should also strike paragraphs 13-14 and 29-30 because they merely state impermissible speculation about what unidentified people might believe.  Plaintiff cannot pass off speculation about other people's thoughts and beliefs as her own personal knowledge.  In addition, paragraphs 17-28 directly contradict Plaintiff's prior sworn testimony although her extensive deposition testimony reflects no confusion on her part whatsoever.  Compare paragraph 20, 22, 29 to *K. Tomblin Dep., 102:16-106:4*; compare paragraph 21, 23-28, 31-36 to

*K. Tomblin Dep., 132:25-156:12, 175:1-180:1, Exs 2, 6.*   Plaintiff cannot claim confusion to create a factual dispute when her earlier deposition testimony evinces no confusion or lack of evidence.  *Rohrbough v. Wyeth Laboratories, Inc.*, 719 F. Supp. 470, 475 (N.D.W. Va. 1989) ("sham" affidavit should be disregarded if it contradicts earlier deposition testimony <u>and the earlier testimony does not reflect any confusion or lack or evidence</u>).  These "sham facts" should be stricken.  Lastly, in paragraph 12 Plaintiff opines that the broadcast has "defamed [her] and presented [her] in a false light." *K. Tomblin Aff. ¶* 12.  Defamation and false light are terms with legal significance, and thus Plaintiff's legal conclusion should be stricken from the record.

### B.    Affidavits of Fact Witnesses: Billy Tomblin, Sarah Miles, Christy Glover, Ashley Bowen and Carolene Bennett

The affidavits of these fact witnesses should be stricken, wholly or at least in part, for a number of reasons.  First, the affidavits include a plurality of paragraphs that refer primarily to impermissible lay witness *opinion* about the health or well-being of Plaintiff, all of which are immaterial and involve no factual dispute at issue in this case.  *See B. Tomblin Aff. ¶¶* 3-7, 14-16, 18-26; *Miles Aff. ¶¶* 11, 13-15; *Glover Aff. ¶¶* 4, 15, 18-21, 25-29, 36-39; *Bowen Aff. ¶¶* 3-5, 14-15, 18-23, 30-32; *Bennett Aff. ¶¶* 6-8, 10-12, 15-21, 23-29, 33-35.  Second, the affidavits of the fact witnesses each contain a number of statements that rely upon or contain inadmissible hearsay.  *See B. Tomblin Aff. ¶¶* 8, 13; *Miles Aff. ¶* 4; *Glover Aff. ¶¶* 6, 11, 17, 31-32, 35; *Bowen Aff. ¶* 17; *Bennett Aff. ¶¶* 9, 22, 25.  Third, each of the affidavits contains speculative testimony and opinions that are not based on personal perception.  *See B. Tomblin Aff. ¶¶* 10-12; *Miles Aff. ¶¶* 6-7, 10; *Glover Aff. ¶¶* 9-10, 13, 22-24, 33; *Bowen Aff. ¶¶* 10-11, 25-26, 29; *Bennett Aff. ¶¶* 22, 24, 30-32.  Fourth, a number of the affidavits contain legal conclusions drawn by the affiants, which are inadmissible and should be stricken by the Court.  *See B. Tomblin Aff. ¶* 12 (testifying to the purported outrageousness and maliciousness of the broadcast); *Glover Aff. ¶* 12 (same);

*Bowen Aff.* ¶ 12, 26-27 (testifying to the purported outrageousness and maliciousness of the broadcast, as well as how the broadcast allegedly deliberately misleads the audience); *Bennett Aff.* ¶¶ 24, 34 (testifying to causation and the purported injury suffered by Plaintiff).  For all of the above-stated reasons, the Affidavits of the fact witnesses should be stricken either wholly or at least in part by this Court.

### C.    Dr. Timothy Saar's Unsworn Report

The report written by Plaintiff's purported expert witness Timothy Saar should be stricken in its entirety for several reasons.[1]  First, the report fails at the outset to comply with Rule 56(e) in that it contains no sworn testimony.  Merely affixing a notarized signature to an unsworn letter report provides no evidence that the witness has commited to tell the truth under penalty of perjury.  The Saar report, and Dr. Saar's Curriculum Vitae should be disregarded for this reason alone.

Additionally, "opinion evidence which is connected to existing data only by the *ipse dixit* of the expert" should be excluded.  *GE v. Joiner*, 522 U.S. 136, 146 (U.S. 1997).  Similarly, "[a] court may conclude that there is simply too great an analytical gap between the data and the opinion proffered."  *Id.*  Expert opinions must be based on sound scientific methodology to satisfy the reliability prong of the *Daubert* test.  *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993); *see also Ruffin*, 149 F.3d 294.  Further, an improper "expert" opinion that attempts to draw legal conclusions should be excluded.  *United Co. v. Keenan*, 2007 U.S. Dist. LEXIS

---

[1]    Plaintiff filed an unsworn report authored by Timothy Saar to oppose summary judgment then subsequently filed an amended version of the same report to accompany Plaintiff's disclosure of Saar as a proposed expert.  The primary distinction between the two reports is that Saar admitted in the first that he offered his opinion without ever viewing Sinclair's broadcast while he attempts to cure that specific defect in the second.  Nonetheless, both versions of the report suffer from the same fatal flaws, neither comprises sworn testimony, both contain impermissible legal conclusions, and neither may properly defeat summary judgment.

88049, 64-62 (W.D. Va. Nov. 30, 2007).  No "expert" may properly proffer opinions as to legal conclusions as Saar attempts to do in this case.  *Green*, 2000 U.S. Dist. LEXIS 19962.

Therefore, beyond the basic fatal shortcoming that it comprises no sworn testimony, Saar's letter report should be excluded for numerous additional reasons.  The report admits on its face that the purported "expert" opinion lacked foundation in that Dr. Saar comments liberally about the supposed impact of Sinclair's broadcast without ever viewing it.  He also describes the "facts" upon which he relies to reach his conclusions – the affidavits of the fact witnesses described above that are replete with speculation, impermissible lay witness opinion, hearsay, and legal conclusions.  As described above, these are not "facts" and cannot provide a sufficient factual basis to support an expert opinion.  Dr. Saar's opinion that a "reasonable person" would find the broadcast to be "extremely outrageous" and "highly offensive" constitute impermissible legal conclusions that are not admissible.[2]   Furthermore, Dr. Saar's opinions are wholly irrelevant and immaterial to the issues of law to be decided on summary judgment.  The sole purpose of the Saar report is to recount the health and well-being of Plaintiff—it adds nothing to the questions of falsity and fault which are determinative issues in this case.

## III.    CONCLUSION

Based upon the foregoing, Sinclair Media III respectfully moves this Court to strike, in whole or in part, the Affidavits of Plaintiff, Billy Tomblin, Sarah Miles, Christy Glover, Ashley Bowen, and Carolene Bennett, and the unsworn report and curriculum vitae of Dr. Timothy Saar.

---

[2]    Saar's report filed with Plaintiff's disclosure of Saar as a proposed expert goes even further and should also be excluded for its legal conclusions that include "direct causation," whether Sinclair's conduct was "extremely outrageous," what a "reasonable person" would find offensive and what a "reasonable person" could be expected to endure.

Respectfully submitted,


/s/ James D. McQueen, Jr.
James D. McQueen, Jr. (WV Bar # 2507)
FROST BROWN TODD LLC
Chase Tower, Suite 1200
OF COUNSEL:                                        707 Virginia Street East
                                                   Charleston, WV 25301-2705
Richard M. Goehler (Ohio Bar # 0009160)            (304) 345-0114
Patricia A. Foster (Ohio Bar # 0080306)            (304) 345-0115 (Facsimile)
FROST BROWN TODD LLC
2500 PNC Center
201 East Fifth Street
Cincinnati, OH  45202-4182
(513) 651-6711
(513) 651-6981 (Facsimile)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT HUNTINGTON

KIM TOMBLIN,                                :        Civil Action No.: 3:08-CV-1294
                                           :
            Plaintiff,                      :        Honorable Robert C. Chambers
                                           :
        v.                                  :
                                           :
WCHS-TV8,                                   :
                                           :
            Defendant.                      :
                                           :
                                           :
                                           :

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2009, I electronically filed the foregoing **Memorandum in Support of Sinclair Media's Motion to Strike** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participant:

Jay C. Love, Esq.
624 8th Street
Huntington, WV 25701


/s/ James D. McQueen, Jr.
James D. McQueen, Jr. (SBID # 2507)